UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELISSA L. FLEMING,
                    Plaintiff,
v.                                      Case No.  3:08-cv-17-J-33HTS

THUDER GULCH BIKER WORLD, INC.,
JOHN  P.  SEIBEL,  and  SANDRA  K.
SEIBEL,

                    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant the parties' Joint Notice of Settlement and Stipulation of Dismissal (Doc. # 13), which was filed on May 20, 2008.   The parties request that this Court dismiss this case with prejudice.   For the reasons that follow, the motion is due to be granted.

## I.   Background

Plaintiff filed her one-count complaint against Defendants, her former employers, on January 8, 2008 (Doc. # 1) under the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201-209 alleging that "Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed." (Doc. # 1 at ¶ 12).   On February 13, 2008, Defendants filed their answer and affirmative defenses. (Doc. # 8).   Thereafter, on May 20, 2008, the parties advised the Court that the case was resolved through settlement (Doc. # 13).

## II.  **Analysis**

The Eleventh Circuit ruled in <u>Lynn's Food Stores, Inc. v.</u>
<u>United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982) that "Congress
made the FLSA's terms mandatory; thus, the provisions are not
subject to negotiations or bargaining between employers and
employees.  FLSA rights cannot be abridged by contract or otherwise
waived because this would nullify the purpose of the statute and
thwart the legislative policies it was designed to effectuate."
(Internal citations omitted).[1] Thus, a compromise of an employee's
FLSA rights through a settlement of a lawsuit is subject to
judicial scrutiny. <u>Id.</u>  However, as stated in <u>Su v. Electronic</u>
<u>Arts, Inc.</u>, 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961
(Aug. 29, 2007 M.D. Fla.), "Where the employer offers the plaintiff
full compensation on his FLSA claim, no compromise is involved and
judicial approval is not required." (Citing <u>Mackenzie v. Kindred</u>
<u>Hosps. E., LLC.</u>, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

---

[1] In <u>Lynn's Food Store</u>, the employer sought judicial approval
of private agreements it entered into with its employees to settle
FLSA violations.  Pursuant to the settlement agreements, the
employees waived their rights to file FLSA claims in exchange for
a small fraction of the back wages that the Department of Labor
concluded that the employees were owed.  Specifically, the employer
offered only $1,000.00 to be divided between fourteen employees.
The employees were not represented by counsel, and it was clear
that the employees were not fairly compensated.  Concerned about
the unequal bargaining power between employers and employees, the
Eleventh Circuit ruled that the agreements could not be approved
absent supervision of the Department of Labor or a stipulated
judgment entered by a court which has determined that the
settlement is a fair and reasonable resolution of the FLSA claims.
(Citations omitted).

This reasoning has been echoed in a number of cases in the Middle District of Florida. <u>See e.g.</u>, <u>Feagans v. Americana Jax Investments, Inc.</u>, 3:07-cv-433-J-33HTS, 2008 U.S. Dist. LEXIS 21974, at *3 (M.D. Fla. March 20, 2008).

Based on counsels' representation that Plaintiff has been fully compensated for her unpaid overtime claims without compromise, including the payment of attorney's fees, this Court finds it appropriate to approve the settlement and dismiss this case with prejudice.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

(1)  This case is dismissed with prejudice.

(2)  The Clerk is directed to enter judgment in favor of Plaintiff, terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>28th</u> day of May, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record